UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CYNTHIA A. ROBINSON, | |
| Plaintiff, | NO. CV-07-273-EFS |
| vs. | ORDER DISMISSING ACTION WITH PREJUDICE |
| DONALD ENGEL, | **1915(g)** |
| Defendant. | |

Before the Court, without oral argument, is Plaintiff's First Amended Complaint, filed January 24, 2008 (Ct. Rec. ___). Because Plaintiff failed to properly label her First Amended Complaint, the Clerk's Officer mistakenly opened it as a new action. By Order filed April 15, 2008, cause number CV-08-3007-EFS was consolidated into CV-07-273-EFS. After reviewing the First Amended Complaint, the Court finds it fails to cure the deficiencies contained in the initial complaint.

Plaintiff initiated this action while a prisoner at the Yakima County Jail. She contends she was innocent of unspecified charges for which she was convicted and sentenced on an unspecified date. She claims Defendant Donald Engel, a Yakima County Judge, wrongly imprisoned her in violation of her Fourth, Fifth and Fourteenth Amendment rights. She seeks monetary damages for false imprisonment. She also asks to have her criminal record expunged and to have Judge Engel's employment

ORDER DISMISSING ACTION WITH PREJUDICE -- 1

terminated.

As Plaintiff was previously advised, judges are absolutely immune for all judicial acts performed within their subject matter jurisdiction when the plaintiff is seeking damages for a civil rights violation. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is a "judicial" one when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. *Sparkman*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990).

Absolute immunity exists even when there are charges that the judge acted maliciously; it exists "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871); *Pierson v. Ray,* 386 U.S. 547, 554 (1967)(judges should not have to "fear that unsatisfied litigants may hound them with litigation charging malice or corruption"). Here, Plaintiff indicates Judge Engel presided over a criminal matter and issued a sentence.

Plaintiff dealt with Judge Engel in his judicial capacity. She states no facts indicating Judge Engel acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. at 357. Although granted the opportunity to do so, Plaintiff has not alleged any set of facts which would lower the shield of absolute judicial immunity.

Accordingly, **IT IS ORDERED** that this action be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

ORDER DISMISSING ACTION WITH PREJUDICE -- 2

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at her last known address, enter judgment, and close the file. The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

**DATED** this ____16th____ day of April 2008.

                                         s/ Edward F. Shea
                                         EDWARD F. SHEA
                                   UNITED STATES DISTRICT JUDGE

Q:\Civil\2007\273.DA.Dismiss.wpd

ORDER DISMISSING ACTION WITH PREJUDICE -- 3